JOHN C. DOUGLASS v. M. H. INSLEY, *et al.*

NEW TRIAL, *Motion for; Presumption; Practice.* Where the record does not show that a motion for a new trial was ever reduced to writing or filed in the court, as prescribed by § 309 of the code, it will be presumed by the supreme court, for the purpose of upholding the judgment of the trial court, that the motion was not in writing and filed as it should have been.

*Error from Leavenworth District Court.*

TWO ACTIONS in the nature of ejectment, brought by *Insley* and another against *Douglass.* Trial at the September Term, 1883, and judgment in each case for the plaintiffs. The de-.

fendant brings the cases here. The opinion contains a sufficient statement of the facts.

*John C. Douglass,* plaintiff in error, for himself.
*Stillings & Stillings,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action in the nature of ejectment, brought by Merritt H. Insley and Ann M. Shire against John C. Douglass, to recover the possession of lot 6, in block 6, in the central subdivision of the city of Leavenworth. Douglass filed an answer containing a general denial, a jury was waived, and the case was submitted to the court. Judgment was rendered in favor of the plaintiffs below. Douglass brings the case here, and asks that the judgment be reversed for errors of law occurring at the trial and excepted to by him. It is urged by the plaintiffs below that we cannot examine the errors of law occurring upon the trial, because the record does not affirmatively show that any motion for a new trial was reduced to writing and filed within the time prescribed by the statute. This point is well taken. Section 308 of the code reads:

"The application for a new trial must be made at the term the verdict, report or decision is rendered; and, except for the cause of newly-discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

And § 309 provides:

"The application must be by motion, upon written grounds, filed at the time of making the motion. The causes enumerated in subdivisions two, three and seven, of section three hundred and six, must be sustained by affidavits, showing their truth, and may be controverted by affidavits."

The record shows that after the court had rendered its judgment upon the issues joined, the defendant thereupon moved for a new trial. We construe this to mean that the defendant

immediately, that is, at once, moved for a new trial; but the record does not show that the motion was ever reduced to writing, or filed in the court as it should have been. (*Clayton v. School Dist.*, 20 Kas. 256; *Lucas v. Sturr*, 21 id. 480.) The judgment of the district court must be affirmed.

— In case No. 3448, of John C. Douglass *v.* M. H. Insley and Ann M. Shire, the same question is presented; and upon the authority of the foregoing case, the judgment in that case will also be affirmed.

All the Justices concurring.