D. M. OSBORNE & COMPANY v. ADOLPH EHRHARD.

37  413
39  332

37  413
62  434

37  413
e78  789
80   388

1. NEW TRIAL — *Motion Treated as in Writing.*   A recitation in a record that "thereupon the defendant filed his motion for a new trial as follows," which is followed by a full and formal motion, including the style of the case in which it was filed, the grounds upon which it was based, and purporting to be signed by counsel, fairly implies that the motion was in writing, and should be so treated when its sufficiency is challenged in this court.

2. DEFECTIVE MACHINE ; *Counsel Fee, Included in Damages.*   E. purchased a machine, and gave his negotiable note therefor upon the condition that if it failed to do good work, and the defects were not remedied by the company selling it, his note would be returned to

him upon a return of the machine. The machine proved to be defective, and was returned, but instead of returning the note, the seller indorsed it before due to L. When L. brought an action against E. to recover on the note, E. believing, and having some cause to believe, that the transfer was not *bona fide*, employed counsel to defend, but was unsuccessful. *Held*, In an action for damages against the seller for breach of warranty, that the defense against the note was judicious and apparently necessary, and that the expenses of counsel therein were a legitimate consequence of the wrongful action of the defendant, and were properly taken into consideration by the jury.

3. RIGHT OF ACTION, *When not Defeated.* If, under the warranty, the failure of the machine, and its return entitled E. to a return of the note and money paid, the subsequent action of the company or its agent in refusing to receive the machine could not defeat the right of E. to the note and money, or to an action for damages in case the company refused to surrender the same.

4. VERDICT, *When not Set Aside.* The fact that the verdict of the jury is against the weight of the testimony, which is conflicting, will not authorize the supreme court to set the verdict aside, or to reverse the judgment rendered thereon.

### *Error from Clay District Court.*

THE opinion states the nature of the action, and the material facts. At the May Term, 1885, the plaintiff *Ehrhard* recovered a judgment against *D. M. Osborne & Company* for $245 and costs. The defendant *Company* brings the case here.

*M. M. Miller*, for plaintiff in error.

*Harkness & Godard*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Adolph Ehrhard brought an action against D. M. Osborne & Company, a corporation under the laws of the state of New York, alleging in substance that on or about the 28th day of June, 1883, he purchased from the agent of the company at Clay Center, Kansas, a combined reaper and binder, for the sum of $165; that by the terms of the contract he was to return the machine if it did not work in a good and satisfactory manner; that in payment he gave his negotiable promissory note for $150, due the first day of the following October, and paid in cash the sum of $15; and that

by the terms of the contract the note was to be returned to
him if the machine did not work in a good and satisfactory
manner. He alleges that after repeated trials of the machine
it was found that it would not do the work for which it was
sold, and that it was utterly worthless to the plaintiff, where-
upon he returned the machine to the defendant's agent and
demanded his note. He further states that the agent accepted
the machine when so returned, and agreed to return the note
as soon as it could be obtained from the company, but instead
of doing so, the note was sold and transferred before due to
one James Lyon; that on the 10th day of March, 1883, James
Lyon brought suit against him in the district court of Clay
county upon the note, and that on the 24th day of September
of the same year a judgment was rendered against him and in
favor of Lyon, for the sum of $168.60, together with costs,
taxed at $15.25, which judgment he was compelled to pay.
Ehrhard further alleges that, believing the note was not trans-
ferred to James Lyon before maturity and that he had a good
and sufficient defense to the action thereon, he in good faith
employed attorneys to defend for him in that action, and paid
them the sum of $25 for their services therein. He therefore
prayed for judgment against the company for the sum of
$223.80 with interest. The defendant company answered by
a general denial, and at a trial had with a jury in May, 1885,
a verdict was returned in favor of Ehrhard, assessing his dam-
ages at $245, and the court gave judgment for that sum.

D. M. Osborne & Company, as plaintiff in error, is here
asserting that the court below erred in not granting its motion
for a new trial of the cause. The grounds of the motion were,
"First, that the damages given by the jury in this case are
excessive; second, that the verdict given in the case is against
and contrary to the weight of the evidence and the law of the
case; and third, that the court erred on the trial of the case
in giving the sixth and eighth instructions to the jury."
Counsel for Erhard claim that the rulings of the court are not
reviewable here, for the reason that the motion for a new trial
was not reduced to writing, and filed as prescribed by the code;

and they cite *Douglass v. Insley*, 34 Kas. 604. The present case does not fall within that authority. The record here does not in terms state that a written motion was filed, but that much is fairly implied. The motion copied in the record is full and formal. It includes the style of the case, formally states the grounds on which it was based, and then purports to be signed by counsel. The record, respecting the motion, recites that "thereupon the defendant *filed* his motion for a new trial as follows." The fair implication of this language is that it was a written motion, as it could not well be filed if not in writing.

1. New trial —
motion treated
as in writing.

The first contention of the plaintiff in error is, that the damages awarded are excessive to the extent of the allowance manifestly made for counsel fees in defending the action brought by Lyon on the note. The testimony respecting the counsel fees was received without objection, and the only basis for the claim that the expenses should not have been allowed is, that he had notice before the commencement of that suit that Lyon was the *bona fide* holder of the note before due, and that therefore the expenses incurred were not judicious or necessary. It appears that when the action was brought on the note, Ehrhard consulted reputable counsel, who, after hearing the facts, advised him to defend against the note on the theory that the transfer to Lyon was not *bona fide*. The defense was made, but was unsuccessful, and he paid his counsel the moderate fee of $25. Ehrhard claims, and not without some cause, that he had reason to believe that it was still owned and held by the company. When the defective machine was returned by Ehrhard to the agent of the company, the note was then in the hands of the agent. Although demanded by Ehrhard, the agent failed to deliver it, but stated to Ehrhard that he would try and get it for him. He was also informed by the same person that he had seen the note in the hands of an agent of the company, a few days before it was due. In addition to these facts, the attorneys who held the note for collection sent him a notice stating, "We hold for collection against you, a note for $150 in

favor of D. M. Osborne & Co." It is true that the company offered some testimony which conflicted with the theory of Ehrhard, and tended to show that he had notice of the transfer to Lyon before the bringing of the action, but upon this question the jury have made a special finding that he had no notice until after the Lyon suit was brought, that the note had been transferred to Lyon before it became due. There was testimony upon which to base this finding, and it practically disposes of the claim made by the plaintiff in error. If no transfer had actually been made, it was the duty of Ehrhard to interpose his defense in that action. In making the defense he acted on the advice of counsel, and, from the testimony, his doing so was reasonable, judicious and appar-

2. Defective ma-chine; counsel fee, included in damages.

ently necessary. Under all the circumstances we think the jury were justified in taking into consideration the expenses of the litigation — expenses which were incurred in good faith and as a legitimate consequence of the wrongful action of the plaintiff in error.

The next ground of error assigned, is that the verdict is contrary to the weight of the evidence. This is not a sufficient ground for a reversal. We are not permitted to enter upon the task of weighing conflicting testimony with a view of determining where the preponderance is. A

4. Verdict, when not set aside.

verdict cannot be set aside in this court if there is testimony which fairly tends to support it, although the preponderance might appear to us to be against the result reached. (*K. P. Rly. Co. v. Kunkel,* 17 Kas. 145.) There is evidence here to establish every essential fact relied on. In fact, the testimony satisfactorily shows that the machine utterly failed to come up to the requirements of the alleged warranty. The agent from whom it was purchased, as well as the general agent of the company, both tried to remedy the defects, and both failed to make it do the work for which it was intended, and the former admitted on the witness stand that it did not work well.

The giving of the sixth and eighth instructions is a subject

of complaint. The sixth instruction states the measure of damages to which Ehrhard would be entitled in case there was a breach of the warranty alleged to have been given; and the eighth states, "If the jury find from the evidence that the plaintiff had a right to return the machine in question, then it makes no difference whether the defendant or defendant's agent refused to receive the machine, or not." The complaint is that no contract of warranty was shown, and that therefore there was no foundation for these instructions. On this question there is the testimony of Ehrhard that the local agent who sold the machine warranted that it would work well, and, if not, that the note would be returned to him upon the return of the machine. The written contract between the company and its local agent was offered in evidence, which showed that he had the authority to make the agreement of warranty which he did make. He gave Ehrhard a book containing a printed warranty which the company gave to purchasers, and which contained the stipulation that—

"All our machines are warranted to be well built, of good material, and capable of cutting, if properly managed, from ten to fifteen acres per day. If on starting the machine it should in any way prove defective, and not work well, the purchaser shall give prompt notice to the agent of whom he purchased it, and allow time for a person to be sent to put it in order. If it cannot then be made to do good work, the defective part will be replaced, or the machine taken back, and the payment of money or notes returned."

Notice was given on the day succeeding the purchase that the machine failed to work, and the agents of the company endeavored to remedy the defects as required by the warranty. After it had been demonstrated that the machine was a failure, and it had been returned, the agent of the company agreed to procure a return of the note. All these things tend strongly to support the theory that a warranty was given, and they are certainly sufficient to authorize instructions upon that theory. The fact that the machine was sold at a reduced price is suggested as an argument that no warranty was given. The

plaintiff below accounts for this by stating that the machine was one which had stood over one year, had been exposed, and was badly weather-beaten; but that the agent claimed that aside from this the machine was as good as a new one. The weather-beaten appearance of the machine and the reduced price at which it was sold cannot overthrow the direct testimony that a warranty was given. If, under the warranty, the failure of the machine and its return entitled Ehrhard to a return of the note and money paid, the subsequent action of the company or its agent in refusing to receive the machine could not defeat his right to the note and money, or to an action for damages in case they refused to surrender the same. His right to maintain this action accrued when he properly returned the machine and demanded the return of what he had given for it, and therefore no error was committed in giving the eighth instruction.

3. Right of action, when not defeated.

Objections are made to the rulings of the court upon the admission of testimony, and upon other instructions; but as these were not included in the grounds stated in the motion for a new trial, they are not before us for consideration. (*Nesbit v. Hines,* 17 Kas. 316; *Decker v. House,* 30 id. 614.)

The judgment of the district court will be affirmed.

All the Justices concurring.