R. H. COOPER v. M. F. BRINKMAN, et al.

1. RECEIVER — Money — Distribution. Where a trial court orders the money in the hands of a receiver, appointed in the action, to be distributed according to the facts as stated and admitted in the petition, and no answer is filed in the case raising any new issues, the plaintiff cannot complain of the distribution made.

2. ACTION FOR MONEY — Default — Judgment, Without Evidence. In an action to recover an amount due on a promissory note executed by

the defendant, and the defendant fails to file any answer, but makes default, the plaintiff is entitled to judgment in his favor for the amount claimed, without the introduction of any evidence. (Civil Code, §§ 108, 128; *Cole v. Hoeburg*, 36 Kas. 263.)

*Error from Butler District Court.*

THE opinion states the case.

*E. N. Smith*, for plaintiff in error.

*J. K. Cubbison*, and *H. W. Schumacher*, for defendants in error M. Pettingill & Co. and Tootle, Hanna & Co.

The opinion of the court was delivered by

HORTON, C. J.: This action was commenced December 21, 1885, by R. H. Cooper, against M. F. Brinkman and J. E. Clark, partners as Brinkman & Clark, to recover four hundred fifty-seven dollars and thirty-seven cents upon certain promissory notes executed by them to Cooper. The notes were secured by a chattel mortgage. Several other parties were made defendants in the action, because of their interest in the property mortgaged. At the commencement of the action, Jacob De Con was appointed receiver to take possession of the goods and chattels described in the mortgages; and also of all of the book accounts and other property of Brinkman & Clark. He was directed to sell the goods at retail in the usual course of trade and to apply the proceeds thereof, after the payment of all expenses and costs, upon the indebtedness of Brinkman & Clark, in accordance with the priorities of the chattel mortgages, viz.: First, to M. Pettingill & Co.; second, to Tootle, Hanna & Co.; third, to Tootle, Hosea & Co.; fourth, to Tootle, Sherman & Co.; fifth, to Grabfield, Sickles & Co.; sixth, to Claflin, Allen & Co.; seventh, to J. H. Wear, Boogher & Co.; eighth, to Lieberman & Manheimer; ninth, to R. S. McDonald & Co.; tenth, to R. H. Cooper.

At the time this order was granted A. L. Redden appeared as attorney of R. H. Cooper; E. N. Smith and M. E. Gilgore appeared as attorneys of M. F. Brinkman; and the other

creditors appeared by their attorneys, A. L. L. Hamilton, C. A. Leland, H. W. Schumacher, and E. E. Carr. No exception seems to have been taken to the appointment of the receiver, nor to the direction to the receiver as to the distribution of the proceeds of the mortgaged property. No answers were filed by any of the defendants.

On May 8, 1886, M. Pettingill & Co., Tootle, Hanna & Co., Tootle, Hosea & Co., Tootle, Sherman & Co., Grabfield, Sickles & Co., Claflin, Allen & Co., and J. H. Wear, Boogher & Co., filed their motion to require the receiver to file his report and pay from the proceeds in his hands according to the alleged priority of the chattel mortgages the following sums: First, nine hundred and twenty-four dollars and thirty-seven cents, with interest, to M. Pettingill & Co.; two thousand two hundred and twenty-seven dollars, with interest, to Tootle, Hanna & Co.; and the balance, if any, to Tootle, Hosea & Co., Tootle, Sherman & Co., Grabfield, Sickles & Co., and Claflin, Allen & Co. On May 13, 1886, R. H. Cooper filed his motion requesting the court to direct the receiver to apply the money in his hands from the proceeds of the mortgaged property as follows: First, to the payment of the costs of this action; second, to the payment of said plaintiff's claim and the judgment of said plaintiff; third, that the balance, if any, be paid as ordered by the court.

All the matters came up for hearing and decision on May 28, 1886. The court found that after paying the compensation and expenses allowed the receiver, there was in his hands to be applied upon the chattel mortgages, according to their priorities, two thousand and twenty-six dollars and sixty-five cents. It directed that nine hundred and twenty-four dollars and thirty-seven cents be paid to Pettingill & Co.; next, that all the costs of the action be paid, and the balance turned over to Messrs. Tootle, Hanna & Co.; the court finding that there was two thousand two hundred and twenty-seven dollars and nine cents, bearing interest from May 8, 1886, at eight per cent. per annum, due to the latter from Brinkman & Clark.

A verbal motion for a new trial was filed, but upon what

grounds is not stated in the record; therefore, as this motion was not filed, or in writing, and as we cannot know what it contained, it cannot be considered. (*Douglass v. Insley,* 34 Kas. 604; *Clark v. Imbrie,* 25 id. 424; *Ervin v. Morris,* 26 id. 664; *Decker v. House,* 30 id. 614.) In the condition of the record, all questions arising upon the trial alone must be excluded. The only error appearing was the failure of the trial court upon default of Brinkman & Clark to render judgment in favor of Cooper against them for the amount claimed in the petition. (Civil Code, §§ 108, 128; *Cole v. Hoeburg,* 36 Kas. 263.) We perceive no error as to the distribution of the proceeds in the hands of the receiver. The petition alleges that the chattel mortgage to secure the debt of Cooper was executed December 19, 1885, and filed the same day at 11:50 o'clock A.M. This mortgage recited that it was given subject to the chattel mortgages of Pettingill & Co., and the omnibus mortgage given to secure Tootle, Hanna & Co. and several other creditors, executed prior thereto. The petition also expressly states that the chattel mortgage to Pettingill & Co. was for sixteen hundred dollars, less about eight hundred dollars paid thereon; and the omnibus mortgage to Tootle, Hanna & Co. and other creditors was for four thousand seven hundred and seventy-six dollars and eighty-four cents. The petition also admits that these mortgages were prior to the mortgage of Cooper; and that Brinkman & Clark owed six thousand five hundred dollars upon their several mortgages. There was no allegation in the petition that any of the prior mortgages were fraudulent, invalid, or worthless; but on the other hand, the prayer of the petition was that the proceeds of the property of Brinkman & Clark be distributed to their creditors, as their interests and rights might appear. The order of distribution was in accordance with the facts stated and admitted by the petition.

The orders and judgments of the district court will be affirmed as to all of the parties, except M. F. Brinkman and J. E. Clark; and the cause is remanded with direction to the court below to enter judgment in favor of Cooper against

Brinkman & Clark upon the promissory notes set forth in the petition. The costs in this court will be taxed against Brinkman & Clark, but if they are unable to pay the same, the plaintiff in error will be liable therefor. All the other defendants in error will recover their costs from the plaintiff in error.

All the Justices concurring.