DAVID BOURKE v. JAMES J. SPAIGHT.

No. 16,081.

SYLLABUS BY THE COURT.

NEGOTIABLE INSTRUMENTS—*Transfer to Innocent Purchaser— Action by Maker against Payee—Costs—Attorney's Fee.* The maker of a negotiable promissory note who has a valid defense but who is compelled to pay it because of its transfer to an innocent purchaser is entitled to recover from the payee what he has been compelled to pay. And if when sued by the indorsee he has attempted without success, but in good faith and with reasonable grounds, to show that the plaintiff was not in fact an innocent holder, so that he might make his defense upon the merits, his recovery should include the costs and his attorney's fee in that action.

Error from Atchison district court; BENJAMIN F. HUDSON, judge. Opinion filed June 5, 1909. Affirmed.

*A. B. Crockett,* for the plaintiff in error.

*Adams & Conlon,* and *John F. Kerrigan,* for the defendant in error.

The opinion of the court was delivered by

MASON, J.: David Bourke sold two horses to James J. Spaight, taking in payment a negotiable note, which he indorsed to R. J. Whalen. Whalen sued upon the note and Spaight resisted payment, alleging that he had rescinded the contract of purchase and restored the horses to Bourke because they had proved not to be as warranted and represented. Whalen recovered judgment, however, upon the ground that he was an innocent purchaser of the note. Spaight then sued Bourke, alleging his version of the facts, and recovered the amount of the Whalen judgment, including costs and his attorney's fee in that action.

Bourke prosecutes error, and contends that the former judgment was an adjudication against Spaight upon the issues raised in the second suit. There is no

ground for such contention. The evidence, both record and oral, abundantly showed that in the first action the court, so far from deciding against Spaight his controversy with Bourke, denied him a hearing on that matter because it was not available as a defense against Whalen. Nor can it be said that the matter was one which might have been litigated in the former action. Spaight desired to litigate it there, but was refused the opportunity.

Bourke's second contention is that the present action is upon the warranty, and can not be maintained because before bringing it Spaight had elected to pursue an inconsistent remedy by restoring the horses and rescinding the contract. This action, however, does not affirm the validity of the note between the maker and the payee, but is brought for damages resulting from its having been transferred to an innocent holder, thereby compelling its payment notwithstanding its want of consideration. That such an action will lie is beyond question. (*Nashville Lumber Co. v. Fourth National Bank,* 94 Tenn. 374, and cases cited in note in 27 L. R. A. 519; *Jones v. Crawford,* 107 Ga. 318; *Mader v. Cool,* 14 Ind. App. 299; *Osborne & Co. v. Ehrhard,* 37 Kan. 413. See, also, *Delaney v. Implement Co.,* 79 Kan. 126.)

A third contention is that Spaight should not have been permitted to recover the expense he incurred in defending the action brought upon the note. The case last cited is conclusive to the contrary, and renders further discussion unnecessary. (See, also, however, 1 A. & E. Encycl. of L. 355; 8 Cyc. 324; *Bank v. Williams,* 62 Kan. 431.)

Objections to the evidence are also made, but are found upon examination not to be well taken. The judgment is affirmed.