WILLIAM SCHWARTZ, *Appellee,* v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant.*

No. 16,496.

HARRY NYE, *Appellee,* v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant.*

No. 16,494.

SYLLABUS BY THE COURT.

1. RAILROADS — *"Freight Trains" — Limitation of Liability to Passengers—Mixed Train Not a Freight Train.* Chapter 274 of the Laws of 1907, which provides that all freight trains to which a caboose is attached shall transport passengers, and permits railroad companies to limit their liability to passengers on such trains, except for willful negligence, does not give the right to such companies to demand a release of their liability from a passenger upon a mixed train, consisting of freight cars, a passenger coach and a combination mail-and-baggage car, regularly operated, carrying passengers, and stopping at passenger platforms as passenger trains usually do.

2. ———— *Expulsion of a Passenger — Exemplary Damages.*
The expulsion of a passenger from a train such as is de-
scribed above, for no other reason than that he refuses to
sign such a release, is wrongful, but under the facts shown in.
these cases exemplary damages should not be awarded.

Appeals from Miami district court. Opinion filed.
July 9, 1910. Modified.

*John Madden,* and *W. W. Brown,* for the appellant..
*Frank M. Sheridan,* for the appellees.

The opinion of the court was delivered by

BENSON, J.: The plaintiffs in these actions were
passengers on one of the defendant's trains on the Kan-
sas City division, between Paola, Kan., and Sedalia,
Mo. No. 515 was a west-bound train, and No. 516 was.
an east-bound train, between the cities named. These
trains were known as mixed trains, and each carried.
freight cars next to the engine, behind which were a.
combination mail, baggage and express car, and a pas-
senger coach. These trains run on regular time and
are scheduled to connect at Paola with passenger trains
for Kansas City, and stop at the platforms at stations.
to receive and discharge passengers. They carry the
mail and three-fourths of the passengers over that line,
and have been so operated for thirteen years. The
only other trains upon that division are two night.
freight trains, one running east and the other west.

The plaintiffs took passage on train No. 516 from
Paola to Louisburg. Each had a round-trip ticket.
Upon the demand of the agent at Paola, each signed a
release limiting the liability of the company, as pro-.
vided in chapter 274 of the Laws of 1907, for the trip
to Louisburg. The conductor took up their tickets,.
leaving to them the return coupons. On the return.
passage upon train No. 515, while they were seated in
the regular passenger coach with other passengers, the
conductor took up the return coupons, and handed to.

each of them a release of liability for the return trip, in the same form as those they had signed in going, and asked for their signatures. They refused to sign, whereupon the conductor informed them that they must do so or leave the train at the next station. They remonstrated, but the conductor persisted, saying that he had orders to enforce. Schwartz said: "All right; put me off and we will investigate." At Somerset the train stopped at the platform and the conductor led Schwartz off the train. He then beckoned to Nye and said, "Come on"; but Nye refused to move, when the conductor took hold of his coat collar and pulled him into the aisle, and, as he still refused to move, pushed him to the door. The conductor then said, "Go on," but Nye said "No," and the conductor gave him a push. Nye's foot slipped on the steps and he fell, straining his back. These circumstances are substantially as shown by the plaintiffs' evidence. The conductor's testimony was somewhat different, but upon the general findings for the plaintiffs their evidence must be taken as true.

The plaintiffs obtained a carriage and reached their homes at Paola after a journey of three hours, at an expense of fifty cents each. The round-trip tickets cost seventy-five cents each.

The plaintiffs sued for damages for being put off the train. A verdict was rendered for Nye for $400. By the special findings it appears that $100 of this was for actual damages and $300 for exemplary damages. The verdict for Schwartz was for $205, of which $5 was for actual damages and $200 for exemplary damages. The defendant appeals.

The first question presented is whether the train was a "freight train" within the meaning of chapter 274 of the Laws of 1907 (superseded by Laws 1909, ch. 190, Gen. Stat. 1909, §§ 7123, 7124). This statute requires railroad companies to carry passengers on "freight trains to which a caboose is attached," upon a limitation

of liability, except for willful negligence. It is insisted that this was a train such as the statute describes, as it included freight cars, and one of the coaches was used as a caboose. A caboose is a type of car generally well known, and clearly defined in the testimony. The train was regularly engaged in carrying passengers. Although freight cars were attached, it was still a passenger train in the sense that it was regularly engaged in that service, making connections, stopping at regular passenger platforms, and carrying mail and baggage, as well as passengers. Such trains are usual on branch lines, and it would be doing violence to the terms of the statute, as well as to common understanding and usage, to call such a mixed train a "freight train with caboose attached" within the purview of the statute. The right given by the statute to limit liability does not apply to such a train.

The remaining question relates to damages. It is contended that the facts do not warrant exemplary damages, and that the instruction permitting such recoveries was therefore erroneous. The conductor resorted to no harsh or abusive conduct, and there was nothing in the manner or means by which he enforced the order to warrant such damages. The question remains, however, whether the defendant incurred a liability to pay such damages by issuing the order and causing it to be enforced. Exemplary damages may be awarded when a wrong has in it the element of negligence which is gross or wanton or willfully oppressive. (*Railroad Co. v. Little,* 66 Kan. 378.) Damages for the inconvenience and humiliation suffered are actual rather than exemplary. (*Dalton v. Railroad Co.,* 78 Kan. 232; *Railroad Co. v. Little,* supra.) If the defendant made this rule after a reasonable examination of the statute, and upon an honest belief that the train in question was a freight train within the meaning of the law, and that it therefore had the right to demand a release from passengers upon such a train, its con-

3—83 KAN.

Schwartz v. Railway Co.

duct in making and enforcing the order can not be held to be wanton, grossly negligent or willfully oppressive. On the other hand, if there was no reasonable ground to interpret the statute as applying to such a train, then the promulgation and enforcement of the rule might be found willfully oppressive or grossly negligent. The opinion of the court is that it must be presumed, in the absence of proof to the contrary, that the regulation was made upon an honest, although mistaken, interpretation of the statute, and that exemplary damages ought not to have been awarded.

The finding of $100 actual damages in the case of Nye must be sustained. There was testimony that he suffered personal injuries from the wrongful expulsion. The extent of such injuries and the resulting damages were matters for the jury to determine.

The judgments will be modified. In the case of Nye the recovery must be reduced to $100, and in the case of Schwartz the recovery must be reduced to $5, and the causes are remanded for such modifications.

BENSON, J. (dissenting) : I do not concur in that part of the opinion relating to exemplary damages. It was a question of fact whether the conduct of the company in making and enforcing the rule was so willfully oppressive or grossly negligent as to afford a basis for exemplary damages.

I am authorized to say that Mr. Chief Justice JOHNSTON concurs in this dissent.