Jones v. Railway Co.

No. 20,180.

O. W. JONES, *Appellee*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

RAILROADS — *Freight Trains — Limitation of Liability to Passengers— Carrier Liable for Gross Negligence Only.* It is within the power of the legislature to require carriers to carry passengers upon freight trains and to fix the measure of their responsibility for injuries suffered by passengers choosing that mode of travel, and under the provisions of chapter 190 of the Laws of 1909 (Gen. Stat. 1909, §§ 7123, 7124), one who takes passage on a freight train has no right to expect greater precautions for his safety than slight care nor to hold the carrier responsible for any lack of care less than gross negligence.

Appeal from Sedgwick district court, division No. 2 ; THORNTON W. SARGENT, judge. Opinion filed May 6, 1916. Reversed.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* and *Harlow Hurley,* all of Topeka, for the appellant.

*John W. Adams, Robert C. Foulston,* and *W. E. Pepperell,* all of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from a judgment awarded to O. W. Jones against the Atchison, Topeka & Santa Fe Railway Company as damages for personal injuries sustained by him while attempting to board one of the defendant's trains. The accident occurred on the morning of August 28, 1914, at the defendant's station in Mayfield, Kan. Jones went to the station with the intention of taking the local freight that arrived at that place about seven o'clock in the morning, and which had just pulled in when he reached the station. Finding the ticket office closed, the plaintiff went out to the train where the station agent and the conductor and brakeman of the train were unloading freight from one of the cars. The plaintiff testified that he asked the agent, who was working inside the car, for a ticket, but received no response, although the plaintiff was only six or seven feet away. He remained there until the railroad employees were through working in

that car, when the agent started towards the ticket office, but he was called back by the conductor to take freight from another car. The plaintiff then took his valise back and placed it in the way car and started back toward the ticket office, but the train started to move and the plaintiff turned back towards the way car again. The train stopped for a moment, but soon after this it began moving from the station without any announcement or signal having been given, and the plaintiff said to the conductor and brakeman, who were standing near the train, that he had not been able to purchase a ticket yet, that his valise was on the way car, and that he desired to go out on that train. The conductor then said: "If you are going on this wagon you will have to get on." About twenty cars had passed them when this remark was made, and the train was said to be going about four miles an hour. The brakeman also told the plaintiff to get on, saying: "We are leaving town, train is going slow." Plaintiff followed the suggestion of the trainmen and attempted to swing on to the way car as it passed, just after the conductor and brakeman had each in turn done so. He testified that as he took hold of a railing and put his foot on the first step the train jerked and he was thrown down and seriously injured. The jury returned a verdict for the plaintiff and also made special findings. Among other things, the jury found that the train was going about seven miles an hour when the plaintiff undertook to board it; that the negligence of the defendant consisted in not selling him a ticket when he asked for it; in the conductor signaling the engineer to go ahead, knowing that the plaintiff. desired to get aboard; and in the failure of the employees to use proper precautions to help plaintiff board the train after telling him to attempt to do so.

The defendant insists that the injury suffered by the plaintiff was the result of his own negligence, and also that in submitting the case to the jury the correct rule of the plaintiff's responsibility was not stated by the court. Some testimony was offered, tending to show. that the injury resulted from the failure of the defendant to take precautions for the safety of the plaintiff when he was attempting to board the train, but the degree of negligence that would make the defendant liable was not correctly stated. Ordinarily a carrier is bound to exercise the highest degree of care for the safety of its

passengers which is reasonably practicable. It is not expected, nor does the law require, that a carrier shall provide for passengers traveling on a freight train the safeguards and the conveniences ordinarily provided for travelers on passenger trains. The care and skill required necessarily depend upon the means of transportation, and precautions that would exonerate a carrier from responsibility for an injury to a passenger on a freight train would not suffice if the injury had been sustained on a passenger train. Freight trains, as all know, are mainly used for carrying freight, and there are many hazards on such trains that travelers are not subjected to on passenger trains. One who chooses this means of travel must be held to have done so with a knowledge of the hazards and inconveniences incident to the operation of such trains. A carrier is required to exercise due care towards passengers carried for hire on freight trains, but the extent of its responsibility is the subject of dispute. In the absence of a statute fixing the degree of care to be exercised by a carrier towards passengers on a freight train, it is generally held that it must exercise the highest care that is practicable and consistent with that mode of transportation. (*Mo. Pac. Rly. Co. v. Holcomb,* 44 Kan. 332, 24 Pac. 467; *Railway Co. v. Ralston,* 77 Kan. 196, 93 Pac. 592; *Hedrick v. Mo. Pac. Ry. Co.,* 195 Mo. 104, 93 S. W. 268, 6 Ann. Cas. 793, and Note; *St. Louis & S. F. Ry. Co. v. Gosnell,* 23 Okla. 588, 101 Pac. 1126, 22 L. R. A., n. s., 892; Notes, 19 L. R. A. 310, 313; 34 L. R. A., n. s., 230.) Our legislature, however, has fixed the measure of care to be exercised by a railroad company carrying passengers on freight trains, as well as the measure of its responsibility to passengers who may be injured while traveling on such trains. These companies had provided for carrying passengers on mixed trains, composed of freight and baggage cars, but evidently they were averse to passenger traffic on the ordinary freight trains, where there was no place for the care of passengers except in the caboose. In view of the known practice of excluding passengers from freight trains the legislature enacted—

"That all freight trains to which a caboose is attached shall be obliged to transport, upon the same terms and conditions as passenger trains, all passengers who desire to travel thereon and who are above the age of fifteen years, or who, if under fifteen years, are accompanied by a parent

or guardian or other competent person, but no freight train shall be required to stop to receive or discharge any passenger at any other point other than where such freight train may stop; nor shall it be necessary to stop the caboose of such trains at the depot to receive and discharge passengers: *Provided,* That on such trains the railroad companies shall only be liable for their gross negligence: *And provided further,* That this act shall not be construed to apply to freight trains on main lines, the most of which train shall be composed of cars loaded with live stock." (Gen. Stat. 1909, § 7123.)

In the previous legislature of 1907 an act was passed requiring railroad companies to carry all persons except certain minors on freight trains, and providing, too, that they might limit their liability to passengers as against anything but willful negligence. (Laws 1907, ch. 274.) In a case where that act was under consideration it was held that mixed trains, consisting of freight, passenger, mail and baggage cars, regularly engaged in carrying passengers, such as are usually operated on the branch lines of the state, were not within the meaning of the act. (*Schwartz v. Railway Co.,* 83 Kan. 30, 109 Pac. 767.) It may be assumed that the legislature has implied power to require carriers to take passengers on freight trains, and also to fix the measure of their responsibility for injuries suffered by passengers choosing that means of travel. Persons above fifteen years of age, as well as those younger who are accompanied by guardians or competent attendants, may elect to take the risk of traveling on a freight train, but the legislature has said that those who venture on such trains have no right to ask more than slight care and can hold the carriers for nothing less than gross negligence. In the absence of statutory standards of negligence the courts of Kansas have generally ignored the classification of negligence into the degrees of slight, ordinary and gross, and have held that in each case the true measure is due care; that is, the care and diligence proportionate to the risk and which the peculiar circumstances of the case demand. (*Railway Co. v. Walters,* 78 Kan. 39, 96 Pac. 346.) Although comparative negligence has been discarded, the degrees of negligence have been recognized in this state for some purposes. (*K. P. Rly. Co. v. Pointer,* 14 Kan. 37; *K. P. Rly. Co. v. Kessler,* 18 Kan. 523; *A. T. & S. F. Rld. Co. v. Morgan,* 31 Kan. 77, 1 Pac. 298; *Winstead, Sheriff, v. Hulme,* 32 Kan. 568, 4 Pac. 994; *Cady v. Case,* 45 Kan. 733, 26

Pac. 448; *A. T. & S. F. Rld. Co. v. Hughes*, 55 Kan. 491, 40 Pac. 919.) It must be assumed that the classification recognized in these cases is the one the legislature had in mind when the law in question was enacted. Negligence is the violation or disregard of a duty, and the recognized meaning of the term *gross negligence* is the failure to exercise slight care. Instead of the high degree of care which the court has always held to be required where the safety of passengers was involved, even while traveling on freight trains, the statutory measure must now be applied to passengers traveling on such trains. The rule of the statute may appear to be somewhat harsh, but it is based on a matter of public policy, and having been defined and declared by the legislature, the courts must observe and enforce it. The trial court ignored the rule of the statute and instructed the jury upon the old theory that the defendant would be liable if it had been guilty of ordinary negligence towards the plaintiff. It is said by the plaintiff that as no instruction upon the statute was requested by the defendant it has no right to complain, but the difficulty is that the instructions given did not state the correct rule of responsibility, and it is of those given that complaint is made.

The judgment is reversed and the cause remanded for a new trial.