No. 22,628.

WOLF BINDER, *Appellee,* v. THE UNION PACIFIC RAILROAD COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

1. RAILROADS—*Riding on Freight Train—Limitation of Liability to Passenger—Liable for Gross Negligence Only.* Railroad companies are required to carry passengers on certain freight trains, but are not required to take the same precautions for their safety and comfort as they must for those riding in passenger trains. As to passengers riding on freight trains, the carriers are only liable for gross negligence.

2. SAME. One riding in such a train on a stock pass as a caretaker of a carload of cattle that was in the train is deemed to be a passenger for hire, and the statutory limitation of liability applies to him.

3. SAME—*Injury While Riding on Freight Train—Contributory Negligence an Issue—Instructions.* There being testimony tending to show that the injury of which plaintiff complained was due in part to his own negligence, it was incumbent on the court upon the request of defendant to give the jury an instruction on contributory negligence.

Appeal from Ellis district court; ISAAC T. PURCELL, judge. Opinion filed December 11, 1920. Reversed.

*R. W. Blair, T. M. Lillard,* and *O. B. Eidson,* all of Topeka, for the appellant.

*J. P. Shutts,* of Hays, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Action was brought by Wolf Binder to recover damages for injury and illness alleged to have resulted from the negligence of the defendant, in which he prevailed. The defendant appeals.

It appears that John O'Laughlin was shipping a carload of cattle over defendant's railroad to Kansas City, and that plaintiff, who was in the pump business and desired to go to Kansas

City on business of his own, solicited and obtained from O'Laughlin the right to accompany the cattle as a caretaker. A stock pass was issued to him and he rode in the caboose of the freight train on which the cattle were shipped. When the train reached Topeka other cars were added to it, and in the switching process these cars were thrown violently against the caboose in which plaintiff was riding, and he was thrown to the floor causing the injuries for which the action was brought. There was an additional claim that the caboose was so defective and unfit for use that the door could not be closed, and that by reason of this he caught cold, from which illness resulted.

The principal error assigned was the refusal of the court to instruct the jury as to the degree of care to be exercised towards a passenger riding on a freight train, and as to the limitation of the carrier's liability to a passenger on such a train. The one requested reads as follows:

"I instruct you that the same degree of care that is required of a railroad company towards passengers who travel upon passenger trains is not required of the company towards passengers who travel upon freight trains. Freight trains are mainly used for carrying freight and there are many hazards on such trains that travelers are not subject to on passenger trains. One who chooses to travel on freight trains must be held to have done so with the knowledge of the hazards and inconveniences incident to the operation of such trains, and towards passengers riding in such trains the railroad company is required to exercise only slight care and is liable only for injuries resulting from gross negligence. Negligence is the violation or disregard of a duty and the term gross negligence means the failure to exercise a slight degree of care. Unless, therefore, you believe from a preponderance of the evidence that the injury and damage complained of by the defendant or its employees were due to such negligence, that is, by their failure to exercise even a slight degree of care, then I instruct you that the plaintiff cannot recover damages in this case and your verdict must be for the defendant."

Neither this instruction nor any other covering its subject matter was given by the court. The legislature has provided that railroad companies shall carry passengers on freight trains, and has placed a limitation upon the degree of care to be exercised towards those who choose to ride upon freight trains. (Gen. Stat. 1915, § 8536.) Under the provisions of the act it has been held that—

"One who takes passage on a freight train has no right to expect greater precautions for his safety than slight care nor to hold the carrier respon-

sible for any lack of care less than gross negligence." (*Jones v. Railway Co.*, 98 Kan. 133, syl., 157 Pac. 399.)

Under the evidence this was an important feature of the case. There was testimony to the effect that the train on which plaintiff was riding was a regular freight train which picked up and set out cars along the line, and that it carried all kinds of cars and all kinds of freight, including stock cars. Although riding on a stock pass as a caretaker, the plaintiff is to be regarded as a passenger for hire. (*Railroad Company v. Lockwood*, 17 Wall. 357; *Norfolk Southern R. R. Co. v. Chatman*, 244 U. S. 276.) As the injury was suffered by plaintiff while riding as a passenger on a freight train, the statutory limitation on the liability of the carrier applies.

There is also ground for the complaint that the court refused to instruct the jury as to the rule of contributory negligence. Testimony was offered tending to show that the illness of plaintiff, charged to have resulted from the negligence of the defendant, was due in part to the want of care and even recklessness of the plaintiff.

For the failure of the court to charge the jury upon the subjects mentioned, there must be a retrial of the case.

Some testimony was received that was hearsay and of a self-serving character, but attention having been called to the error, which was manifest, it can be avoided in the new trial.

The judgment is reversed and the cause remanded for another trial.