No. 23,826.

THE SECURITY NATIONAL BANK, *Appellee,* v. R. B. McCUTCHAN
et al. (THE HOME NATIONAL BANK, *Appellant*).

### SYLLABUS BY THE COURT.

1. BAILMENT—*Negligence of Bailee—Liability for Damages.* One who under-
takes a bailment is bound to that degree of care and skill which the nature
of the employment and the peculiar circumstances of the particular case
require, and where the bailee fails to use such care in following the in-
structions given to him as to property or papers entrusted to him by rea-
son of which a loss results, he is liable for such loss.

2. SAME—*Amendment to Petition.* No error was committed in allowing plain-
tiff to amend its petition so as to set out a true copy of a note involved
in the action where the copy originally attached was incorrect.

3. SAME—*Evidence—Deed Intended as a Mortgage.* Evidence tending to
show that a deed was intended as a mortgage was properly received.

4. SAME—*Letters as Evidence.* The admission of certain letters relating to the
dealings between the parties is held not to have been material error.

5. SAME—*Competent Witness to Value of Real Estate.* One who had knowl-
edge of sales of land in the vicinity of the tract in question, had taken
mortgages on them, had carefully inspected the land under consideration,
and has such acquaintance with property as enables him to form an in-
telligent estimate of its value, is held to have such knowledge and experi-
ence as entitled his opinion to go to the jury.

6. SAME—*Evidence—Findings.* The evidence is held to be sufficient to uphold
the findings and judgment.

7. SAME—*Comments of Court—No Error.* Certain comments of the court in
the progress of the trial are not considered to be material error.

8. SAME—*Instructions—Classification of Degrees of Negligence.* It was not
essential that the court in its instructions should make a classification of
negligence into three degrees, but it was enough to instruct that the de-
fendant should have used the care and skill that a reasonably prudent
person would have used under the directions given by plaintiff to the
defendant and the peculiar circumstances of the case.

9. SAME—*No Reversible Error in Record.* Other objections to instructions
and to rulings on special questions examined and held to be without error.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed
July 8, 1922. Affirmed.

*J. E. Torrance,* of Winfield, and *Chester Stevens,* of Independence, for the
appellant.

*A. M. Jackson,* of Winfield, and *W. L. Cunningham,* of Arkansas City, for
the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:   The plaintiff recovered a judgment against the Home National Bank for losses alleged to have resulted from the negligence and fraud of the latter bank in handling securities entrusted to it as a bailee.   It appeals from that judgment.

The case was here on a former appeal and the grounds upon which a recovery was sought were set forth at length.   (*Bank v. Bank,* 106 Kan. 303, 187 Pac. 697.)   In that appeal it was determined that a national bank is liable for the negligent loss of property entrusted to it for disposition according to instructions whether the bailment be for a profit or merely for accommodation of its customers.   It was further held that a failure of the defendant bank to follow directions in the recording of instruments and preservation of liens and the delivery of certain papers in violation of instructions by which the plaintiff lost its security would render the defendant bank liable for the loss occasioned by its negligence and fraud.   In such a case it was held that the bailment alleged was incidental to the ordinary business of a bank and within its power; that it was liable for any loss occasioned by its failure to exercise care and diligence; that an action may be maintained against a national bank for damages resulting from malicious or negligent torts and in such a case the doctrine of *ultra vires* had no application.

The important questions under the issues joined were:   Did the defendant bank accept the bailment?   If so, did it act fraudulently or negligently in the discharge of the trust which it undertook, and if it did, what loss if any did plaintiff sustain as the result of its fraud or negligence?   That the defendant undertook the trust is not open to dispute.   Jasper Stewart owned a tract of land on which there were three liens: a first mortgage for $3,000, had been given by him to the Merriam Mortgage Company; a second one to Kirkpatrick for $865; and a third in the form of a deed in favor of plaintiff to secure an indebtedness of $3,040.   A renewal of these mortgages was arranged for between the parties and new mortgages with the releases of the old were prepared and sent to the defendant bank which was doing business in the county where the mortgaged land was situated, with instructions to have the new mortgages and papers executed by the Stewarts and to file them in the order that would preserve the several liens as they had theretofore

existed. The package of papers was received by the defendant bank and it proceeded to discharge the trust by filing the releases of the liens of record and the placing on record of the renewal mortgage to the Merriam company, and, while it procured the Stewarts to execute new mortgages to Kirkpatrick and the plaintiff, they were not placed on record. As the record then stood, Stewart owned the land subject only to the Merriam mortgage. The Kirkpatrick and plaintiff's liens were withheld from the record until after Stewart had conveyed his equitable interest in the land to an innocent purchaser for $10,000, and as Stewart was insolvent the loss of the securities proved to be a complete loss. It appears that about a month elapsed between the recording of the releases and the transfer of the property by Stewart to the innocent purchaser, but the defendant bank not only withheld from the record the Kirkpatrick and plaintiff's mortgages, but it also failed to notify plaintiff that the old mortgages had been released and that the new ones had not been placed of record. The jury found for the plaintiff on the ground that the defendant bank was grossly negligent in failing to follow the instructions of the plaintiff as to the handling of the papers and not performing the services which it undertook. It was also found that the reasonable market value of the land, apart from the liens thereon, was $10,000, and assessed plaintiff's loss at $4,159.72.

The errors assigned by the defendant relate mainly to procedural rulings made in the course of the trial. There is complaint of the admission of the note executed by the Stewarts to the plaintiff on the ground that it did not correspond with the copy of the note attached to the petition. According to the copy attached it was given to the Security State Bank instead of the Security National Bank. Permission was given to plaintiff to amend the petition in this respect. It appears that the bank which had been known as the Security State Bank had been nationalized and changed to the Security National Bank. Defendant had not moved to strike the copy from the petition on account of variance and did not ask for a continuance or time to meet the amendment. There was no doubt about the ownership and identity of the note, and no error in the admission of the testimony. Like objections were made to the reception of other notes, and there were other objections to their admission which are not deemed to be material.

Objection was made to a ruling admitting testimony to the effect

that a certain deed was in fact a mortgage. Parol evidence is admissible for that purpose. (*Moore v. Wade,* 8 Kan. 380; *Brinkerhoff v. Bank,* 109 Kan. 700, 707, 205 Pac. 779.) The deed which was placed in the possession of the defendant and returned unrecorded was properly admitted in evidence. It tended to prove the negligence of the defendant.

There was another objection to the admission of a number of letters relating to negotiations for the extension and renewal of the mortgages. Some of these were from the defendant bank and from defendant McCutchan, attorney for the bank, and others, and they tended to show the relations of the parties, the coöperation of defendants in the transactions which brought about the loss of the securities and in some degree supported the contention that there was fraud and negligence in procuring the releases, in the handling of the papers and in the failure to preserve the liens according to instructions. No material error was committed in their admission.

There is a further contention that testimony as to the value of land was improperly received. One witness, a banker, expressed an opinion as to its value and it was said that he did not disclose such knowledge of the value of farm land as would qualify him to give an opinion. It was shown that he had given attention to the sales of farms in that vicinity, had taken mortgages on them and had spent nearly a day inspecting the land in question. It is not necessary to the qualification of a witness that he should be an expert appraiser of land to entitle his opinion to go to the jury. It is enough that he has had opportunity and means of learning the values of such property, had known of sales of similar property and has such acquaintance with the property in question as enables him to form an intelligent estimate of value. His qualification may be tested on cross-examination as to the means of his knowledge and his experience in the business to which the inquiry relates. We think the witness had knowledge and experience sufficient to warrant the admission of his testimony. Other evidence of witnesses as to value was received and likewise challenged, but the witnesses are deemed to have been qualified to aid the jury in determining the value of the property, and at least no material error was committed in receiving it.

There was a demurrer to the evidence but it is deemed to be sufficient to uphold the finding of gross negligence on the part of defendant bank, and the demurrer was properly overruled. There

was no valid excuse for the action of defendant in surrendering the papers to McCutchan. Plaintiff had instructed the defendant by wire to deliver a draft for $51.08 to McCutchan to enable him to close the Merriam loan of which McCutchan had charge. Defendant claimed that this instruction warranted it in turning over to McCutchan not only the draft but all the other papers committed to its care. Obviously it carried no such import and the delivery of the releases and other papers was a clear violation of its duty, for which it is responsible.

There is a complaint of a comment by the court, at the time an inquiry was made of a witness as to the telegram to release the draft, to the effect that it did not recall any evidence which would authorize the bank to surrender the papers to McCutchan, but that it was for the jury to determine whether there was any such evidence. In fact there was no evidence of that kind and if there had been the court still left the determination of the question to the jury and hence there was no prejudicial error in the comment.

Another complaint relates to the instructions given and refused. One given was to the effect that national banks are liable for the negligent loss of property intrusted to them for the accommodation of customers without any consideration for keeping it, except a profit derived from their customers doing banking business with them, and that if the defendant bank surrendered the papers in question contrary to the instructions received, and the plaintiff suffered damages by reason thereof, the defendant bank would be liable for the damages sustained. There was evidence upon which to base the instruction and it accords with the decision on the earlier appeal. (*Bank v. Bank,* supra.) Nor do we discover any error in the instruction to the effect that if the defendant bank turned over the papers to McCutchan without authority from plaintiff and he was negligent in handling the papers his negligence would be attributable to the defendant and it would be liable for any loss sustained by plaintiff through such negligence.

In one of the instructions the court told the jury that it was the duty of plaintiff to prove the insolvency of Stewart and that it acually suffered damage by reason of being unable to recover the indebtedness of Stewart to it. It is said that there is an absence of evidence on that score. The supplemental abstract that has been filed contains evidence tending to show that inquiry was made by plaintiff which developed that Stewart was without money or

property out of which payment of his indebtedness to the plaintiff could have been enforced.

There is a further complaint that the court did not instruct the jury as to the various degrees of negligence. It has been held that in the absence of the fixing of statutory standards or degrees, the courts of this state do not recognize the classification of negligence into several degrees, and that negligence in a particular case is the failure to bestow due care and skill; that is, such care and skill as the particular circumstances of the case require. (*Railway Co. v. Walters,* 78 Kan. 39, 96 Pac. 346; *Jones v. Railway Co.,* 98 Kan. 133, 157 Pac. 399; *Maddock v. Riggs,* 106 Kan. 808, 190 Pac. 12.) The court properly advised the jury that negligence was the failure to use the care that a reasonably prudent person would have used under similar circumstances and that if the defendant violated the instructions of plaintiff in handling the papers, it would be negligence and that the plaintiff might recover any damages which resulted from such negligence.

We have examined the requests for instructions as well as those given and find no ground for reversal. Nor do we find any good ground for the complaint as to submission of special questions or the refusal of requests for more specific answers.

Finding no material error in the proceedings the judgment is affirmed.