No. 25,356.

THE SECURITY NATIONAL BANK, *Appellee*, v. THE HOME NATIONAL BANK OF LONGTON, *Appellant*.

SYLLABUS BY THE COURT.

1. AGENCY—*Liability of Agent for Negligence of Subagent—Failing to Have Mortgage Recorded as Directed.* An agent for the handling and recording of a mortgage, who was compelled to pay a loss caused by the negligence of a subagent in failing to have the mortgage recorded, is entitled to recover such loss from his subagent.

2. SAME—*Real Party in Interest—Limitation of Actions—Attorney's Fee.* Under the facts stated in the opinion, *held:* (*a*) the plaintiff was the real party in interest; (*b*) the action was not barred by the statute of limitations; (*c*) the plaintiff was entitled to recover an attorney's fee for defending an action on account of the negligence of the defendant.

3. SAME—*Assignment of Error Not Well Founded.* Various other alleged errors considered and held not to be well founded.

Bank v. Bank.

Appeal from Elk district court; George J. Benson, judge. Opinion filed July 5, 1924. Affirmed.

*Chester Stevens,* of Independence, for the appellant.

*W. L. Cunningham,* and *D. Arthur Walker,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: This controversy arises out of the same transaction considered by this court in *Bank v. Bank,* 106 Kan. 303, 187 Pac. 697, and *Bank v. Bank,* 111 Kan. 682, 208 Pac. 636.

Jasper Stewart in July, 1916, was the owner of 235 acres of land in Elk county on which there was a first mortgage of $3,000 to the Loether estate, a second mortgage of $835 to E. Kirkpatrick, and a general warranty deed to the Security National Bank to secure about $3,500 owed by Stewart to the Bank. The Loether mortgage become due and arrangements were made to replace it with a loan with the Merriam Mortgage Company. In order to accomplish this it was necessary to release the encumbrance then on the land and put the title again in Stewart, in order that he could execute a first mortgage to the Merriam company. The necessary releases, deeds and other mortgages were executed and transmitted by letter July 6, 1916, by the plaintiff to the defendant with directions for their disposition. The directions were specific that, "After all the papers are recorded we want the records on this place to show: first, a mortgage of $3,000 (I think to the Merriam Mortgage Company), then the mortgage to Kirkpatrick of $867.73, then the deed to us from Stewart and wife." The defendant, instead of complying with these directions, failed to record the mortgage from Stewart to Kirkpatrick and the deed from Stewart to the plaintiff. On August 16, 1916, Stewart sold the property to an innocent purchaser for $10,000. The plaintiff recovered a judgment in the Cowley county district court against the defendant for the loss sustained by the failure of the defendant to record its deed. The judgment was affirmed by this court in *Bank v. Bank,* 111 Kan. 682, 208 Pac. 636. Kirkpatrick brought an action against the Security bank (plaintiff here) for the loss of his security in the same transaction, claiming that the Security bank had undertaken the matter of recording the release and the new mortgage so as to preserve his lien in its proper order and had delegated the performance thereof to the Home bank, and that the Home bank had failed to record his new mortgage so as to preserve his lien. The Security bank notified the Home bank of

the Kirkpatrick action against it, and that it (the Home bank) would be liable for any loss which the Security bank might sustain by reason of the Home bank's failure to record the Kirkpatrick mortgage, and demanded that the Home bank defend the suit. The Home bank refused to defend the action. Trial was had and judgment rendered in favor of Kirkpatrick and against the Security bank, the jury finding that the Home bank had been negligent in the handling of the Kirkpatrick mortgage and that by reason thereof Kirkpatrick was deprived of his security, and that Stewart, being insolvent, Kirkpatrick had no means of realizing from him. The Security bank paid the Kirkpatrick judgment, brought this action, and recovered from the Home bank the amount of such judgment, together with $100 attorney's fee. The defendant appeals.

The defendant contends that the plaintiff, as agent of Kirkpatrick, cannot maintain an action to recover for the Kirkpatrick loss. It argues that if the Security bank exercised reasonable care in selecting the Home bank to handle the transaction, and the Home bank was guilty of negligence in the actual management of the papers, the Security bank would not be liable, for Kirkpatrick would only have a cause of action against the Home bank; that so long as the Security bank was not liable it would have no cause of action against the Home bank, because, being neither liable for negligence of its own in selecting the Home bank, nor being pecuniarily interested in any way in the Kirkpatrick note and mortgage, it would have no interest and therefore no loss which it could litigate. The argument overlooks the fact that Kirkpatrick could proceed either against the Security bank or the Home bank for the negligence of the latter. He chose to proceed against the Security bank. He recovered, and now the plaintiff in this action is seeking to recover from the Home bank the amount of the judgment which was obtained by Kirkpatrick against it because of the negligence of the Home bank in failing to handle the security according to instructions. The Home bank had its opportunity to defend the Kirkpatrick action, but declined to do so. The Security bank, as principal, was compelled to respond to Kirkpatrick because of the negligence of its agent. It is seeking here to recover the money which it was required to pay Kirkpatrick because of the defendant's negligence.

In 2 C. J. 728, section 391, it is said:

"If an agent to collect employs a subagent he will, ordinarily, in the absence of any stipulation to the contrary, be liable for any negligence or

default on the part of the subagent, and the subagent will be liable to the agent who is his immediate principal."

It is contended that the plaintiff is not the real party in interest, and therefore that it cannot maintain the action. Ordinarily the real party in interest is the person entitled to the benefits of the action if successful—one who is actually and substantially interested in the subject matter, as distinguished from one who has only a nominal, formal or technical interest in or connection with it. The position of the defendant is not well taken; the plaintiff is the real party in interest.

The defendant contends that the action is barred by the statute of limitations. The loss of the Kirkpatrick security may be said to have occurred when the land was deeded to an innocent purchaser, which was August 16, 1916. Kirkpatrick's cause of action may have accrued then, or it may not have accrued until Kirkpatrick discovered that his new security had not been filed as directed, which was in December, 1916. It was not necessary, however, for the plaintiff here to file its suit until it had been required to pay the Kirkpatrick judgment. (*Mentzer v. Burlingame,* 78 Kan. 219, 97 Pac. 371; *Railway Co. v. Railway Co.,* 103 Kan. 1, 175 Pac. 97.) However, this action was filed in Elk county, July 5, 1918, which was clearly within two years from the time that the land was conveyed to an innocent purchaser.

It is contended that the plaintiff cannot recover in this action because it was bound to litigate all of its claims against the defendant in the former action in' Cowley county. The present suit is a separate and distinct cause of action from the one maintained in the former suit. The former was for the negligent loss of the plaintiff's own security; the present is on account of a loss arising from the fact that the plaintiff was required to pay Kirkpatrick on account of the defendant's negligence.

It is next argued that the court erred in allowing the plaintiff an attorney's fee.

The defendant was invited to defend the Kirkpatrick action against the plaintiff, but declined to do so. Under the circumstances the plaintiff is entitled to the reasonable costs and expenses of contesting the Kirkpatrick suit. (*Bank v. Williams,* 62 Kan. 431, 63 Pac. 744; *Bourke v. Spaight,* 80 Kan. 387, 102 Pac. 253.)

We have considered various other complaints ably presented by the defendant, but find no error.

The judgment is affirmed.