Hon. FRANK DOSTER, Chief Justice.
Hon. WILLIAM A. JOHNSTON,
Hon. WILLIAM R. SMITH,
Hon. EDWIN W. CUNNINGHAM,
Hon. ADRIAN L. GREENE,      } Justices.
Hon. ABRAM H. ELLIS,
Hon. JOHN C. POLLOCK,

---

The First National Bank of Hutchinson v. L. T.
Williams.

**No. 11,795.** (63 Pac. 744.)

1. Fraud—*Damages Recoverable.* Attorneys' fees and expenses incurred in good faith by a bank in saving itself from loss occasioned by the fraud of a party who obtained from it a draft, and then caused the same to be cashed, may be recovered in an action against the wrong-doer.

2. ——— *Compensatory Damages.* The damages recoverable in the case mentioned are compensatory in their nature and not exemplary.

3. ——— *Case Distinguished.* The case of *Winstead, Sheriff, v. Hulme,* 32 Kan. 568, 4 Pac. 994, distinguished.

Error from Reno district court; M. P. Simpson, judge. Opinion filed February 9, 1901. *In banc.* Reversed.

*J. W. Rose, W. M. Whitelaw,* and *F. S. Whitelaw,* for plaintiff in error.

*George A. Vandeveer,* and *F. L. Martin,* for defendant in error.

---

*Justices Cunningham, Greene, Ellis and Pollock were appointed by Gov. W. E. Stanley on January 15, 1901, in compliance with the amendment to the constitution adopted in November, 1900. The cases in which opinions were filed on February 9, 1901, were submitted at the January sitting and before their appointment.—Rep.

The opinion of the court was delivered by

SMITH, J. : Plaintiff in error based its action in the court below against the defendant Williams on certain facts, which, stated briefly, are : Defendant, for the purpose of wronging, cheating and defrauding the First National Bank, made and delivered to it a check drawn on the Citizens' Bank of Hutchinson in the amount of $2800, and bought of and received from plaintiff in error a draft on New York for said sum, payable to his own order.  To carry out his fraudulent purpose, defendant represented that he had on deposit in the Citizens' Bank a sum equal to the amount of his check.  The check was worthless.  Discovering this fact, plaintiff below, by telegraph, stopped payment of the New York draft.  The defendant Williams immediately left the state, and thereafter procured said draft to be cashed at Cayuga, Ind., by Malone & Sons, bankers at that place.  The latter were innocent purchasers of the draft.  The following extract from the petition shows the nature of the damages sustained by the plaintiff below :

"That Malone & Sons, bankers, were innocent purchasers of said draft, and that this plaintiff was liable thereon to said Malone & Sons for the amount of said draft ; that in order to protect itself against loss it became necessary for plaintiff to counsel and advise with attorneys and employ a lawyer to go to Cayuga and procure a settlement of said draft by said Williams with said Malone & Sons, by returning to them (said Malone & Sons) said money paid to him, said Williams, by said Malone & Sons on said draft, which was finally done ; that in procuring the settlement of said draft to the extent aforesaid, and repayment of the money to said Malone & Sons, plaintiff was put to large expenses, to wit, for telegraphing, attorneys' fees, and other expenses, the sum of $325.92 ; that all

of said costs and expenses were caused by and through the wrongful, fraudulent and felonious acts of the defendant in giving said worthless check and representing the same to be valid and good, and said amount is the fair and reasonable value thereof; that said defendant has now in his possession said original draft drawn on the National Bank of North America, and refuses to deliver the same to plaintiff.''

There is a prayer asking for judgment in the sum of $2500 damages, and that the draft be canceled and surrendered to the plaintiff in error. A general demurrer was sustained by the court below to the petition, upon the ground that it did not state facts sufficient to constitute a cause of action.

The demurrer seems to have been considered and held good on the theory that the claim for $325.92 for telegraphing, attorneys' fees and other expenses is to be treated as a demand for punitive damages. We differ with the trial court in its view of the nature of the damages. The bank, through the fraud of the defendant, was induced to deliver to him a draft for $2800, payable to his order, which he wrongfully caused to be cashed. The natural and probable result of his false representations must have been foreseen by Williams, which was that the defrauded bank would use all reasonable means to prevent loss to itself and, if necessary, employ counsel and incur other expenses in its efforts to recover the draft or its proceeds. The demurring party admits that the expenses mentioned were necessary. Exemplary or vindictive damages are inflicted as a punishment to the wrong-doer, and not as compensatory to the plaintiff. Here, an actual pecuniary loss was sustained by one party through the fraudulent conduct of another, and the former merely seeks to be made whole. The amount claimed is not embraced within the term "smart

28—62 KAN.

money." The following authorities uphold the right
to recover in such cases : *Philpot et al. v. Taylor*, 75 Ill.
309 ; *Boston & Albany Railroad v. Richardson*, 135 Mass.
473 ; *Smith v. Bolles*, 132 U. S. 125, 10 Sup. Ct. 39, 33
L. Ed. 279 ; *Bennett v. Lockwood*, 20 Wend. 223 ; *Osborne & Co. v. Ehrhard*, 37 Kan. 413, 15 Pac. 590. In
Sutherland on Damages, 2d ed., section 58, it is said :

"If one's property is taken, injured or put in
jeopardy by another's neglect of duty imposed by contract, or by his wrongful act, any necessary expense
incurred for its recovery, repair or protection is an
element of the injury. It is often the legal duty of
the injured party to incur such expense to prevent or
limit the damages ; and if it is judicious and made in
good faith, it is recoverable, though abortive."

Before the bank can be denied a right to recover, it
must be decided that the petition shows no actual damages sustained by it, but that exemplary damages only
are sued for. (*Schippel v. Norton*, 38 Kan. 567, 16
Pac. 804.) Counsel for defendant in error rely on the
case of *Winstead, Sheriff, v. Hulme*, 32 Kan. 568, 4 Pac.
994. It will be noted that the attorneys' fees and expenses, for which it was sought to charge the wrongdoer in that case, were incident to and incurred in
and about the trial of the action to recover damages
for a previous conversion of the plaintiff's goods. Ordinarily a party can recover, beyond the amount of
his actual damages, only the costs of the action allowed
by statute. Counsel fees and expenses of the particular suit to recover actual damages from a wrong-doer
are allowed where the defendant has been guilty of
fraud, malice, or oppression. They are purely exemplary, and are to be considered only in cases where
substantial actual damages may be recovered.

The attorneys' fees and expenses in the present ac-

tion of the bank against Williams are not sued for or claimed.   The expenses paid by. the bank were incurred before this action was commenced.   They were necessary and arose solely as a result of the fraud of defendant below.   To hold that the petition sets out a claim for damages not compensatory, and of a nature which can be allowed only as a punishment to the defendant, would be to remove from the category of actual and exact damages a loss resulting directly from the fraudulent conduct of a party, and place it in a class where it might or might not be recovered by one who sustained it, according to the uncertain notion of a jury whether the wrong-doer ought or ought not to be punished for his acts.

In an action for damages sustained for malicious arrest and prosecution, the counsel fees and expenses of the party arrested, incident to his preliminary examination and necessary to secure his release, if charged with a felony, may be recovered, on the principle that they are compensatory ; but expenses and counsel fees attendant upon the particular action brought to recover for the injuries growing out of such arrest can be awarded only as a punishment to the defendant, and are not compensatory in character. Their allowance rests in the discretion of the jury.

The damages sought to be recovered in the case at bar may be likened to the expenses in the supposed case incurred by the party maliciously prosecuted in obtaining his discharge from arrest at the preliminary examination.   They are compensatory, and, a right to recover being established, the jury cannot, in their discretion, refuse to include the amount in their verdict in favor of the party wronged.

The judgment of the court below is reversed, with directions to overrule the demurrer to the petition.