MINNIE C. STICKNEY v. E. DEAN GOWARD AND OTHERS.[1]

January 16, 1925.

No. 24,409.

**Action for attorneys' fees properly dismissed.**

> An insurance company issued a certificate to a member naming his widow the beneficiary; subsequently his children by undue influence induced him, then incompetent, to cause the company to issue another certificate naming them the beneficiaries. After his death both the widow and the children made proofs of loss and demanded payment. The widow sued the company, and the children were substituted as defendants, the company having paid the money to a stakeholder agreed upon. The widow prevailed. In this action brought by her against the children to recover the attorneys' fees she expended in the first action, it is *held*: The first action being between the same parties, no other expenses connected with its conduct than those taxed therein in favor of the winning party are recoverable against the losing party, hence this action for the reasonable attorneys' fees paid by plaintiff in the first suit was properly dismissed.

Action in the district court for Crow Wing county to recover $700. The case was tried before Stanton, J., who dismissed the action. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*Selover, Schultz, Mansfield & Bryan*, for appellant.

*M. E. & C. A. Ryan*, for respondents.

HOLT, J.

In 1889 William E. Stickney became a member of the Modern Woodmen, receiving a certificate under which his wife, plaintiff, was to receive $2,000 upon his death. The certificate remained in the

[1]Reported in 201 N. W. 630.

possession of plaintiff until her husband's death in January, 1920. A few years before his death, and while an inmate of the Minnesota Soldiers' Home, there was issued to him another certificate, naming his and plaintiff's three children beneficiaries instead of plaintiff. Both the widow and children presented proofs of death and demanded the insurance. Plaintiff brought suit against the insurer. By agreement the money was paid to a stakeholder and the children substituted as defendants. One child disclaimed, and the action proceeded as to the other two and their spouses. A jury by special verdict found that the last certificate was procured when the insured was incompetent and by means of undue influence practiced by or in behalf of the children. Adopting the special verdict the court found for plaintiff, awarding her the insurance.

The present action is to recover the attorneys' fees plaintiff expended in the first mentioned suit. When plaintiff rested, having proved the facts above recited, and that she had paid her attorneys in that suit $700, which was no more than a reasonable fee, the court, on motion of the defendants, dismissed the action. From a motion denying a new trial, plaintiff appeals.

The question presented by this appeal seems to have been settled more than 50 years ago in this state by Kelly v. Rogers, 21 Minn. 146, where it was said: "It is perfectly well settled that the fees of attorneys and counsel, and other expenses of the litigation, beyond legal costs, cannot be recovered by the plaintiff in any actions of contract, or in those actions of tort in which punitive damages are not allowed; for *first*, these expenses are not the legitimate consequence of the tort or breach of contract complained of; *second*, to allow these expenses to the plaintiff, which are never allowed to a successful defendant, would give the former an unfair advantage in the contest; and *third*, where, as in this state, it is provided by statute that 'the prevailing party may be allowed certain sums, termed costs, by way of indemnity for his expenses in the action,' it is not in the power of courts or juries to increase the allowance fixed by statute, however inadequate that allowance may be." It was also said that the better opinion was that, even in actions of tort where punitive damages were permissible, no allowance should

be made for attorneys' fees. Of course, if such are not to be allowed in a direct action to recover damages for the tort, neither are they when a separate suit is brought for that purpose. This was approved in Frost v. Jordan, 37 Minn. 544, 36 N. W. 713.

Counsel for plaintiff base the right of recovery upon Bergquist v. Kreidler, 158 Minn. 127, 196 N. W. 964, and the cases therein cited. The opinion was expressly limited to the facts of that case. There the defendant's false representations, as to when a lease expired on property which plaintiff bought from the defendant's principal, resulted in loss, not only on account of the deprivation of the term of the lease, but also on account of the expense of the unavoidable litigation with the tenant. It is to be noted that the litigation there was with a third party, and not with the wrongdoer, so that the latter did not pay the statutory costs therein taxed. It may be claimed that the tort of defendants in the instant case necessitated a lawsuit with a third party, the insurer. But that was only nominally. Defendants came in or were brought in as the real parties in interest, and all the costs of the litigation which the law permits were therein taxed against them. There should be no additional liability. If such there be, no lawsuit would see the end, for, immediately upon the entry of judgment therein, the winner could start an action against the loser for the attorneys' fees paid in obtaining the judgment. Again, where a defendant prevails in the ordinary tort action, no attorneys' fees are allowed him, except as included in the statutory costs, and, in accord with Kelly v. Rogers, supra, equal justice forbids treating a plaintiff more generously than a defendant.

It is also to be noted that in the cases cited in Bergquist v. Kreidler, as authority for the recovery of attorneys' fees, all involve attorneys' fees incurred either in litigation with third parties or in recovering property from third parties where the litigation or the loss of property was caused by the wrongful act of the one subsequently sued for damages, including the expenses of the prior litigation with third parties or with the recovery of property from them. None relate to the recovery of counsel fees paid in a prior action between the same parties. The cases are; First Nat. Bank

v. Williams, 62 Kan. 431, 63 Pac. 744; Indiana Nat. Life Ins. Co. v. Butler, 186 Ky. 81, 215 S. W. 649; McGaw v. Acker, Merrall & Condit Co. 111 Md. 153, 73 Atl. 731, 131 Am. St. 592; Hubbard v. Gould, 74 N. H. 25, 64 Atl. 668; Curtley v. Security Sav. Soc. 46 Wash. 50, 89 Pac. 180.

Inhabitants of Westfield v. Mayo, 122 Mass. 100, 23 Am. Rep. 292, is also cited by plaintiff as warranting a recovery. There, a judgment went against the city of Westfield in favor of a person injured by an obstruction in its street caused by the negligence of Mayo. When. the city was sued, Mayo was asked to defend but declined. The judgment was paid, and the city sued Mayo for the amount thereof and for attorney's fees paid in defending the action wherein the judgment was rendered. The court properly held such fees recoverable, saying:

"* * * as a general rule, when a party is called upon to defend a suit, founded upon a wrong, for which he is held responsible in law without misfeasance on his part, but because of the wrongful act of another, against whom he has a remedy over, counsel fees are the natural and reasonably necessary consequence of the wrongful act of the other, if he has notified the other to appear and defend the suit. When, however, the claim against him is upon his own contract, or for his own misfeasance, though he may have a remedy against another and the damages recoverable may be the same as the amount of the judgment recovered against himself, counsel fees paid in defence of the suit against himself are not recoverable."

We think this case is no authority for recovery of counsel fees here, but the reverse. Who became the plaintiff and who the substituted defendant in the suit against the Modern Woodmen, depended simply upon whether the beneficiary in the last certificate or in the first was the quicker to sue. The contending parties here were the contending parties in the former action, and the costs taxed therein included all the attorneys' fees and expenses for which defendants are in law liable to plaintiff.

The order is affirmed.