472 P.2d 109

**The STATE of Arizona, Appellant,**

v.

**Harold H. WILLIAMS and A. H. Greenwood, Appellees.**

**No. I CA–CIV 1229.**

Court of Appeals of Arizona, Division 1.

July 16, 1970.

Gary K. Nelson, Atty. Gen., by T. A. Miller, Asst. Atty. Gen., Phoenix, for appellant.

R. G. Langmade, Phoenix, for appellees.

KRUCKER, Judge.

This is an appeal from a judgment for attorney's fees against the State of Arizona in the sum of $4,500. The Attorney General, at the request of the Arizona Corporation Commission, had obtained an injunction in the superior court of Maricopa County against the appellees who were in the house moving business on the grounds that they were not duly licensed. This judgment granting the injunction was reversed by this court in Williams v. State, 2 Ariz.App. 291, 408 P.2d 224 (1965).

On March 4, 1966, appellees brought a civil action against the State claiming attorney's fees incurred in the prior injunction suit and the appeal thereof.

Two questions are raised by this appeal, the first being did appellees have the right to sue the State and did the court have jurisdiction in this appeal; and second, is the State liable for attorney's fees when a permanent injunction obtained by the State is set aside on appeal?

■ In dealing with the first question as to the requirement of presenting a claim and jurisdiction of the court, our Constitution, Art. 4, part 2, § 18 A.R.S. provides that the legislature shall direct by law in what manner and in which courts actions may be brought against the State. Therefore by case law, Arizona has no governmental immunity and is subject to tort actions generally, Stone v. Arizona Highway Commission, 93 Ariz. 384, 381 P.2d 107 (1963). And under A.R.S. § 12–821 et seq., and A.R.S. § 35–181 et seq., the legislature has set forth rules for actions against the State on contract or for negligence and has outlined procedures for filing of claims. The Arizona Supreme Court, in State v. Stone, 104 Ariz. 339, 452 P.2d 513 (1969), has construed these two statutes and has held that subsequent to 1963, a claim must be filed to the appropriate government agency before suit is filed in actions on contract and negligence. The failure to so file negates the court's subject matter jurisdiction. They further pointed out that this does not comment on whether or not a valid cause of action is pleaded in the first instance. And under A.R.S. § 12–823, in the same article, the plaintiff filing the action must file a bond.

■ In the instant case, the action sought is one in tort. It is not an action in negligence, however, for it lies in wrongful injunction which is an intentional tort by specie. A.R.S. § 12–821 and A.R.S. § 12–823, requiring that plaintiff post a bond and file a claim, do not speak of tort actions generally, but specifically of

negligence actions. We do not believe the statutory wording should be construed beyond its precise language as the Supreme Court held in areas of eminent domain. State v. Leeson, 84 Ariz. 44, 323 P.2d 692 (1958). We must therefore hold that neither a prior claim nor a bond is demanded in the instant case, and the trial court was correct in so holding.

The trial court thus having subject matter jurisdiction, we proceed to whether or not a good cause of action was made and proven.

The general rule in Arizona, as elsewhere, has long been that attorney's fees are not recoverable either in the same or a subsequent action unless provided for by statute or by agreement of the parties. Stapley v. Rogers, 25 Ariz. 308, 216 P. 1072 (1923). However, there is a well-recognized exception to the rule, and affirmed in Arizona, that attorney's fees are recoverable for wrongful injunction. United States Fidelity & Guaranty Co. v. Frohmiller, 71 Ariz. 377, 227 P.2d 1007 (1951). The reasoning behind this exception is that injunctive relief is an extraordinary remedy that deprives a party of a right claimed by him and puts him under restraint. To remove this restraint he must procure legal services. Thus, although in Arizona the State is exempt, 16 A.R.S. Rules of Civil Procedure 65(e), complainants generally must post bonds in advance agreeing to pay the defendant's damages and fees in the event the injunctive relief is wrongfully issued. In Arizona, this means that those portions of the attorney's fees required to dissolve an injunction are recoverable. If the injunction was ancillary to a primary action, then the fees incurred to defend the action are not recoverable, only that portion attributable to dissolving the writ can be recovered if proven. Jacobson v. Laurel Canyon Mining Co., 27 Ariz. 546, 234 P. 823 (1925). Cf., Annot., 164 A.L.R. 1088.

In the instant case the State argues that since it need not post a bond, the plaintiff's cause of action is not that which normally seeks recovery upon a bond, but instead must be an action for malicious prosecution. We must disagree. The statutory reason for not requiring the State to post a bond is that there is no problem of solvency. Under other statutes, cases have held that relief from the bond requirement does not relieve the State from liability for wrongful issuance of an injunction. Liability exists to the same extent as if the bond had been posted. 43 C.J.S. Injunctions § 281. On the other hand, the action for malicious prosecution is available if provable, in addition to the action on a bond. In such an event, lack of probable cause and malicious intent must be proven. However, here defendant has merely chosen to pursue the State on its "bond", self-insured so to speak, and he need merely show damage. The parties never appear to have contested to the amount or reasonableness of the fees set forth, and damages therefore having been proven, judgment is affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.