526 P.2d 741

Milt D. COGGINS, Appellant,

v.

E. B. WRIGHT and Doris Wright,
his wife, Appellees.

No. 1 CA–CIV 2301.

Court of Appeals of Arizona,
Division 1.

Sept. 26, 1974.

W. Francis Wilson, Phoenix, for appellant.

Carmichael, McClue & Stephens, P. C. by M. Jeremy Toles, Phoenix, for appellees.

## OPINION

HOWARD, Judge.

The court below made the following findings of fact. On June 15, 1949, appellant obtained a judgment against appellees in the Maricopa County Superior Court. On June 7, 1954, appellant filed an affidavit of renewal on said judgment pursuant to A.R.S. § 12–1612. Thereafter, appellant filed additional affidavits of renewal of the said judgment on May 26, 1959, April 23, 1964 and May 12, 1969.

In September of 1969 appellant secured a general writ of execution to issue on said judgment and, over one year later, on December 4, 1970, delivered it to the Maricopa County Sheriff with instructions to levy first against personal property.

On December 9, 1970, the Sheriff seized appellees' 1965 Chevrolet automobile. Appellees' attorney advised the Sheriff that the writ was invalid. The Sheriff disagreed and proceeded with the sale which took place on December 30, 1970, at which time the automobile was sold for $200.

Prior to the sale appellant offered to release the vehicle from the execution if the appellees would waive their rights to sue for unlawful execution. Appellees refused this offer.

Before the sale by the Sheriff appellees filed a motion in superior court to quash the writ of execution but took no steps to stay the sale. On January 22, 1971, the writ of execution was quashed by the court. Appellant filed an appeal from the order quashing the writ but later abandoned the appeal.

Appellees then brought this action for wrongful execution against the appellant and the Sheriff. The case was tried to the court and appellees recovered a judgment against appellant in the sum of $1,200, the fair market value of the car, $750 attorneys' fees incurred in quashing the writ and car rental expenses in the sum of $150. The court entered judgment against appellees and in favor of the Sheriff.

Appellant has set forth 10 questions for review. Six of these questions are not supported by any authority and therefore we do not consider them. On one other question for review appellant refers the court to a case which has nothing to do with the question presented and we therefore do not deem it worthy of discussion.

Appellant contends that the execution was not wrongful since he properly renewed the judgment since its entry in 1949. It is appellees' position that under A.R.S. § 12–1612 et seq., there can only be one renewal of a judgment. Appellees maintain that the court's order quashing the writ of execution was conclusive on the wrongfulness and we agree.

Under A.R.S. § 12–1612 a judgment may be renewed when the judgment creditor files the proper affidavit within 90 days preceding the expiration of five years from the date of the judgment. A.R.S. § 12–1613(B) provides that the entry and docketing of the affidavit by the clerk shall renew the judgment for a period of five years from the time of docketing. There is no provision in either of the previously two mentioned statutes for filing a subsequent renewal affidavit. The only renewal affidavit allowed is the one to be filed within 90 days preceding the expiration of five years from the date of judgment. Even if judgments could be renewed *ad infinitum* appellant's renewal attempt on May 12, 1969 was invalid because the judgment expired on April 23, 1969,

five years after the April 23, 1964 renewal. See, A.R.S. § 12–1613(B). Furthermore, the dissolution of the writ of execution is conclusive that the writ was wrongfully obtained. Cf. Newby v. United States Fidelity & Guar. Co., 49 Wash.2d 843, 307 P.2d 275 (1957); Williard v. Federal Sur. Co., 91 Mont. 465, 8 P.2d 633 (1932).

■ Appellant contends that appellees' damages were due to their failure to minimize the damages. He argues that the appellees should have stayed the writ of execution and brought an action to set aside the sale. Appellant has cited to this court absolutely no authority other than the general proposition that there is a duty to mitigate damages. We have not been referred to any cases dealing with the duty to mitigate damages in the context of a factual situation such as ours; nor has effort been made to analogize by means of cases dealing with other factual situations. We do not believe that it is incumbent upon this court to do the legal research for the litigants. Far too often the briefs we receive reflect that the litigants have not even done the minimum of legal research, depending upon the research done by this court to sustain their position. Since it appears that appellant has · not thought it worth the effort to research these legal issues we shall not consider them.

■ Appellant also contends that the court erred in granting the attorneys' fees incurred by appellees to quash the writ of execution. He cites as authority the general rule in Arizona that attorney's fees are not recoverable unless provided for by statute or by agreement of the parties. State v. Williams, 12 Ariz.App. 498, 472 P.2d 109 (1970). The reasons given for the rule are that attorney's fees are not the legitimate consequences of the tort or breach of contract complained of; that to allow these expenses to the plaintiff which are never allowed to a successful defendant would give the former an unfair advantage in a contest; that where a statute provides that the prevailing party may be allowed certain sums, termed costs, by way of indemnity, for his expenses in the action, it is not for courts or juries to increase the allowance fixed by statute, however inadequate the allowance may be. Stickney v. Goward, 161 Minn. 457, 201 N.W. 630 (1925). However, there are certain well recognized exceptions. Among these are allowing attorney's fees in actions on attachments, injunction bonds, or in an action for damages for wrongful attachment or injunction. United States Fidelity & Guar. Co. v. Frohmiller, 71 Ariz. 377, 227 P.2d 1007 (1951); State v. Williams, supra. In such cases attorney's fees are limited to those required for procuring dissolution of said writs and not for the general defense of the case. Another exception is the necessary expenses for counsel fees in litigation incident to an attempt to prevent or limit the damages occasioned by the defendant's wrongful act. As is stated in First National Bank v. Williams, 62 Kan. 431, 63 P. 744 (1901):

> "'If one's property is taken, injured, or put in jeopardy by another's neglect of duty imposed by contract, or by his wrongful act, any necessary expense incurred for its recovery, repair, or protection is an element of the injury. It is often the legal duty of the injured party to incur such expense to prevent or limit the damages, and, if it is judicious and made in good faith, it is recoverable, though abortive.'"

In the case sub judice the $750 attorneys' fees was incurred not for maintaining the action for wrongful execution and sale but rather in a legitimate and reasonable attempt to secure the return of the property by an order to quash the writ. Such attorney's fees were incurred as a reasonable, probable and foreseeable consequence of the wrongful execution and are recoverable.

The judgment is affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).