MURRAY FIRST THRIFT & LOAN
COMPANY, a Utah Corporation,
Appellant (Plaintiff below),

v.

N–C PAVING, a Wyoming Corporation,
Appellee (Defendant below).

N–C PAVING, a Wyoming Corporation,
Cross-Appellant (Defendant below),

v.

MURRAY FIRST THRIFT & LOAN
COMPANY, a Utah Corporation,
Cross-Appellee (Plaintiff below).

Nos. 4805 and 4806.

Supreme Court of Wyoming.

March 22, 1978.

Patrick Dixon and G. G. Greenlee, Murane, Bostwick, McDaniel, Scott, Greenlee & Owens, Casper, signed the brief and Patrick Dixon appeared in oral argument on behalf of the appellant and cross-appellee, Murray First Thrift & Loan Company.

Frank D. Neville and Richard L. Williams, Wehrli & Williams, Casper, signed the briefs and appeared in oral argument on behalf of the appellee and cross-appellant, N–C Paving.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

RAPER, Justice.

By these appeals, Murray First Thrift & Loan Company (hereinafter Murray), plaintiff, as well as N–C Paving, Inc. (hereinafter N–C), defendant, allege error on the part of the district court in its granting of summary judgment. Through its appeal, Murray asserts that: (1) the record evidence is insufficient to support the district court's award to N–C of the costs of completion of the subject subcontract, and; (2) the award of attorney's fees as an item of damage was improper. N–C, by its appeal, contends that the district court's sole error

was its failure to award to N–C the liquidated damages established by the subcontract in the event of a breach. We shall modify the judgment of the district court to include the award of liquidated damages, and, as modified, affirm.

On May 24, 1973, N–C entered into a contract with the State Highway Commission of Wyoming to perform paving work on a four-lane highway between Moorcroft and Sundance, Wyoming. By the contract terms, N–C was required to have its paving work completed on or before October 31, 1973. In the event the paving was not completed on that date, N–C was required to pay the State Highway Commission, "as liquidated damages and not as a penalty, $500.00 per day" for each working day in excess of the contract time limit.

On June 13, 1973, N–C entered into a standard subcontract agreement with Joe Frehner of Salt Lake City, Utah, and whereby Frehner was to provide machines and labor and haul crushed rock to N–C for its use in paving the highway. The subcontract provided the work to be completed on or before September 1, 1973; and further that in the event the subcontractor (Frehner) failed to diligently proceed with or complete the work, N–C was entitled to hire another subcontractor or could step in and complete the work itself, charging Frehner "the entire cost thereof, together with liquidated damages at the rate specified in the General Contract for each day after the completion date specified herein when the work provided for herein is not completed." Frehner then assigned all proceeds due him under the subcontract to Murray, the assignment being accepted in writing by N–C subject to its right to first deduct any offsets that N–C "may have against the ASSIGNOR for expenses incurred for parts and labor and repairs or damages sustained in connection with or arising out of the performance of said Contract."

At some point in time, for reasons unknown to the parties, Frehner abandoned the construction project. N–C, in order to continue performance of its contract with the State of Wyoming, undertook the work remaining under the subcontract, and after due notice to Frehner, employed additional men and equipment and completed the subcontract work on October 2, 1973, 31 days subsequent to the date set for completion under the N–C–Frehner contract. In an accounting to Frehner and his assignee, Murray, following completion of the contract, N–C stated that had the contract been properly completed, a total of $84,999.66 would have been due Frehner, of which a total of $10,887.64 had been paid. In computing the damages to be withheld for Frehner's breach, N–C deducted a total of $53,841.85 as costs of completion, $1,206.65 as attorney's fees, and $15,500.00 as liquidated damages, leaving $3,563.52 owing, payment of which was tendered. In response to the action of Murray, in challenging the withholding of those sums by N–C, the district judge found that Frehner had abandoned the subcontract involved and that N–C Paving was entitled to an offset for all costs to which it was subjected by the breach, including attorney's fees reasonably incurred in its attempt to mitigate the damages involved. The court, however, denied the withholding by N–C of the $15,500.00 in liquidated damages, holding them to be a penalty. Judgment was thus entered in favor of Murray in the amount of $15,500.00 plus the agreed sum of $3,563.52. From this judgment, both parties have appealed.

■ The initial assertion of error raised by Murray, on appeal, alleges that the record evidence is insufficient to support the district court's award to N–C of the costs of completion of the subcontract in question. It asserts that N–C has failed to sufficiently support the offset which it has alleged. N–C relied upon the affidavit of its vice-president, as well as answers to interrogatories and requests for admissions which had been filed. From a review of this evidence, it is clear that a prima facie case in favor of N–C had been completely made, and, in the absence of competent evidence that could be presented at trial showing a genuine issue of material fact, summary judgment

was properly made. *Wood v. Trenchard,* Wyo. 1976, 550 P.2d 490. The trial court could perceive no such evidence and neither can we. When a party opposes a motion for summary judgment, it cannot simply rely on its allegations and pleadings, but must affirmatively set forth material opposing facts. *Hunter v. Farmers Insurance Group,* Wyo. 1976, 554 P.2d 1239. That, Murray failed to do. Its total objection to the grant of summary judgment was based on what it alleged was the insufficiency of the evidence presented by N–C. Yet, that evidence was fully competent for admission and, in the absence of Murray coming forward with contradictory evidence, a prima facie case was clearly presented for the withholding from Murray by N–C of its documented costs of completion. In light of such an evidentiary situation, we cannot agree that the trial court's award of summary judgment to N–C for the costs of completion of the subcontract presented by affidavit was error.

■ In conjunction with its assertion that the costs of completion generally have not been proven, Murray asserts specifically that, as a matter of law, the award of $1,206.65 in attorney's fees to N–C was error. While as a general legal maxim, we must agree that, absent statutory authority of contractual agreement, attorney's fees are not normally recoverable by a party to an action, *Mader v. Stephenson,* Wyo. 1976, 552 P.2d 1114, we must also note that, as with all rules, there appears to be an exception. The attorney's fees awarded by the district court differ from those covered by the general rule in that they were incurred in an attempt to mitigate the damages arising from the wrongful act of a breach rather than incurred in bringing the action for breach itself, and, as such, are recognized as recoverable. *Coggins v. Wright,* 1974, 22 Ariz.App. 217, 526 P.2d 741; *First Nat. Bank of Hutchinson v. Williams,* 1901, 62 Kan. 431, 63 P. 744; 25 C.J.S. Damages § 50, p. 777, 788.

The rule is excellently stated in *Uyemura v. Wick,* 1976, 57 Haw. 102, 551 P.2d 171, that where a wrongful act, such as a breach of contract, places one in such relation with others as makes it necessary to incur expenses to protect his interest, such expenses, including attorney's fees, should be treated as the legal consequences of the original wrongful act and are recoverable as part of the damages. See also, to the same effect, *Canadian Universal Insurance Company v. Employers Surplus Lines Insurance Company,* Fla.App.1976, 325 So.2d 29, and *Security State Bank of Comanche, Okl. v. W. R. Johnston & Co.,* 1951, 204 Okl. 160, 228 P.2d 169. N–C would be placed in a precarious position with the Wyoming State Highway Commission if it was unable to perform its prime contract because if Frehner did not perform and, if it failed to make other arrangements, litigation would become imminent. Attorney's fees were a necessary expense, flowing from Frehner's breach, to avoid the further loss arising from a lawsuit. The district court was not in error in allowing attorney's fees under those circumstances.

■ Finally, N–C urges that denial by the district court of liquidated damages provided for in the subcontract was error. In denying the $15,500.00 offset by N–C from the amount owed Murray, the district court concluded that liquidated damages would, in fact, be a penalty and should therefore not be allowed. While we recognize and agree that our legal system frowns upon penalties assessed in the wake of a breach of contract, *Ray v. Electrical Products Consolidated,* Wyo. 1964, 390 P.2d 607, we must also take note that in situations, such as the one at bar, a recognized variance from the rule has taken root. *Hicks v. Town of Hudson,* 10 Cir. 1967, 390 F.2d 84. The contract in question here was one for construction, other than the work required of Frehner, with all the attendant problems of timetables, schedules and coordination of functions and jobs, coordination of the work of others, and while measurement of the direct costs of fulfilling Frehner's breach may be simple enough, the quantifying of the consequential damages for the time lost, equipment held over, and a myriad of other items related to the total contract with the

458

Highway Department is not, particularly at the time from which the reasonableness of liquidated damages is to be viewed, i. e., the time the contract is made. *Dean Vincent, Inc. v. Chef Joe's, Inc.,* 1975, 273 Or. 814, 544 P.2d 146. In the specific situation herein, while it was a simple enough matter to compute the direct costs properly incurred by N–C in responding to the Frehner subcontract breach, the indirect consequential damages were not so readily apparent and more difficult to prove, particularly when viewed as of the time the subcontract was made. In partial response to and anticipation of this indefinite element of possible damage, the parties quite properly agreed upon a specified sum in liquidation, and the fact that N–C was not held liable to the Wyoming Highway Commission for consequential damages under the master contract should in no manner affect such a conclusion. The mere fact that N–C was not liable under that contract for consequential liquidation of damages does not mean that N–C did not suffer such damages due to the subcontract breach by Frehner. The Frehner subcontract simply incorporated the master contract provision for purposes of measurement of liquidated damages, and nothing more.

That portion of the district court's judgment appealed from by Murray, dealing with the award of compensatory damages, including the award of attorney's fees, is affirmed. The district court's denial of liquidated damages to N–C is reversed and the cause remanded for entry of judgment in favor of Murray in the amount of the admitted sum only, $3,563.52.